HOWLAND *against* THE COMMERCIAL INSURANCE COMPANY.

An action for return of premium, on account of short interest, will not lie, if the plaintiff's interest, to the extent insured, was covered at any time during the voyage.

Where there are three several policies on the same subject, but on different risks, they cannot be taken into consideration on a computation of short interest, nor can there, for that purpose, be an apportionment of premium.

Insurers assume the contraband risk, when contraband articles are expressly named in the policy.

ASSUMPSIT, for money had and received.

Plea, non-assumpsit.

The plaintiff claimed a return of premium, at 12 1-2 per cent. on 5,000 dollars, short interest.

Three policies had been effected on the cargo of the schooner Hannah Barclay. The first, in point of time, was made with the Marine Insurance Company of New York, for 6,000 dollars, "on goods laden on board said schooner, on a voyage at and from New York to Martinique, and from thence to New York, with liberty to touch at any other port in the West Indies, to the leeward of St. Thomas, if turned away from Martinique," premium 7 1-2 per cent. The second policy was made with the Middletown Insurance Company, on 2,000 dollars "on goods laden on board said schooner on a voyage from New York to Martinique and back;" premium, 6 per cent. The third policy was made with the defendants, on 10,000 dollars, at 12 1-2 per cent. on goods specifically mentioned in the policy, among which were certain articles contraband of war, the

voyage the same as in the policy effected at the office of the Marine Insurance Company, making, in the whole, the sum of 18,000 dollars, insured on the cargo of the schooner. The plaintiff then went on to prove that his interest, on board, was rising 12,000 dollars only. To prove this, he showed that this was the value of the outward cargo. But the defendants contended, and it was so ruled by the court, that this testimony was insufficient; that, if it should appear that, at any time during the voyage, the plaintiff had an interest on board, to the amount of 18,000 dollars, then the plaintiff could not maintain this action; that, therefore, as this was the very foundation of the action, it lay upon the plaintiff to prove that he had not, at any time during the voyage, a cargo on board that schooner, of more than 12,000 dollars in value.

The plaintiff then produced the invoice of the homeward cargo, and proved that the goods, mentioned in it, had been put on board at Martinique, and had arrived at New York, and did not exceed 12,000 dollars in value. This the court admitted, in conjunction with the other testimony, as sufficient evidence of the extent of the plaintiff's interest on board.(1)

It was then contended, for the plaintiff, that he was enti-

(1) In the case of *McAndrew* v. *Bell*, (1 Esp. N. P. Ca. 373,) to prove interest in an action on a policy of insurance, the plaintiff produced the bill of lading, and the captain, who had been called as a witness, was asked if that was his bill of lading, and whether he had the goods, on board, specified in it? He answered in the affirmative. Erskine put it to Lord Kenyon, if that was sufficient proof of interest. His lordship ruled that it was. The interest of the insured may be proved by bills of sale, bills of lading, invoices, and proof that the goods were on board, bills of charges of the outfit, custom-house clearances, &c., and any deficiency in this species of proof may be supplied by parol evidence. 2 Con. Marshall, 790.

tled to a return of premium, on the residue, from the Commercial Insurance Company, the last insurers.

The defendants contended that the Middletown Insurance, being on a different risk, must be thrown out of the computation. The voyage there insured, being "from New York to Martinique and back," without the privilege mentioned in the other policies.

The plaintiff contended that the premium might be apportioned.

VAN NESS, J. There certainly can be no apportionment in this case; the risk is entire; and, as it is different from that in the other policies, it cannot be taken into account on this occasion.

The defendants' counsel then stated their defence to be, that the Commercial Insurance Company, the defendants, had taken upon themselves the contraband risk, and therefore, as to this policy, under these circumstances, there was no short interest. To prove this, they offered to show that, according to the established usage of insurers, they are deemed to take upon themselves the contraband risk, where contraband articles are expressly named and set forth in the policy; and this, notwithstanding the printed clause in the policy expressly excepting articles contraband of war.

VAN NESS, J. This construction can be made out without reference to any established usage. There can be no question but that insurers assume the contraband risk, when contraband articles are set forth and expressly named in the policy.(2) Such specification must be considered as

(2) Articles contraband of war are lawful subjects of insurance. A neu-

Howland v. Commercial Insurance Company.

notice to the insurer, and will control the printed clause.(3) Under these circumstances, I am of opinion, that the defendants assumed the contraband risk on 10,000 dollars, a risk totally different from that covered by the other policies; and as the plaintiff's interest, on board the vessel insured, amounted to 12,000 dollars, there is no short interest as to this policy.(4) If she had been captured and condemned on account of her contraband cargo, the other insurers would have been discharged, and the defendants

tral nation has nothing to do with the war between the belligerent powers, and is under no moral obligation to abandon or abridge its trade. And yet at the same time, from the law of necessity, as Vattel observes, the powers at war have a right to seize and confiscate contraband goods, and this they may do from the principle of self-defence. The right of the hostile powers to seize, does not destroy the right of the neutral to transport. They are rights which may, at times, clash with and injure each other. But this collision is the effect of inevitable necessity, and the neutral has no just cause to complain. A trade by a neutral, in articles contraband of war, is therefore a lawful trade, though a trade, from necessity, subject to inconvenience and loss. *Seton & Co.* v. *Low*, 1 Johns. Cases, 1; 1 Johns. Cases, 77; Ib. 120; Ib. 487.

(3) If a part of the contract be printed and a part written, and there be any inconsistency, the written are to control the printed words. 3 Johns. Cases, 1; 1 Johns. Reports, 436; 1 Condy's Marshall, 305.

(4) This subject of return premium, varies in the different commercial countries. 1 Con. Marshall, 146; 2 Con. Marsh. 640. In our policies, it is generally regulated by an express clause, declaring that if any other assurance has been made by the assured upon the premises, of a prior date, the subsequent insurers shall be answerable only for so much, as the amount of such prior assurance may be deficient, &c., and shall return the premium on so much of the sum insured, as they shall be by such prior insurance exonerated from. And, in case of any subsequent insurance, the insurer shall be answerable for the full sum subscribed, &c., and be entitled to retain the premium, in the same manner as if no such subsequent insurance had been made.

would have been compelled to pay the amount of the policy.

Verdict for the defendants.

*Brinckerhoff*, for the plaintiff.

*Wells*, for the defendants.